

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**July 26, 2024 18:45**

By: JAMES E. BOULAS 0070007

Confirmation Nbr. 3231100

EDWARD DEDITCH                                         CV 24 101265

        vs.

UBER TECHNOLOGIES, INC., ET AL.          **Judge:**  TIMOTHY W. CLARY

**Pages Filed:**  16

EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

EDWARD DEDITCH,                          CASE NO.:
38895 Biggs Rd.
Grafton, Ohio 44044                      JUDGE:

        Plaintiff,

    vs.

UBER TECHNOLOGIES, INC.,
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

      -and-

LYFT, INC.,
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

      -and-

RASIER, LLC.,
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

      -and-

PORTIER, LLC.,
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

      -and-

UNITED SEATING AND MOBILITY, L.L.C.
d.b.a. NUMOTION,
850 Resource Drive
Brooklyn Heights, Ohio 44131

      -and-

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

UNIVERSITY HOSPITALS
HEALTH SYSTEM, INC. d.b.a.
UH CLEVELAND MEDICAL CENTER,
c/o ACFB, Statutory Agent
127 Public Square, Suite 4900
Cleveland, Ohio 44114

      Defendants.

## COMPLAINT

### Jury Demand Endorsed Hereon

NOW COMES the plaintiff, Edward Deditch, by and through counsel, and for his Complaint against Defendants, Uber Technologies, Inc., Lyft, Inc., Rasier, LLC., Portier, LLC., United Seating and Mobility, L.L.C. d.b.a. Numotion, and University Hospitals Health System, Inc. d.b.a. UH Cleveland Medical Center, avers as follows:

### Jurisdiction and Venue

1.  The plaintiff is an individual currently and at all times relevant herein residing at the address set forth in the Caption.

2.  Uber Technologies, Inc. ("Uber") is a foreign corporation at all times relevant actively engaged in business for profit in the State of Ohio.

3.  Lyft, Inc. ("Uber") is a foreign corporation at all times relevant actively engaged in business for profit in the State of Ohio.

4.  Rasier, LLC. ("Rasier") is a foreign corporation at all times relevant actively engaged in business for profit in the State of Ohio.

5.  Portier, LLC. ("Portier") is a foreign corporation at all times relevant actively engaged in business for profit in the State of Ohio.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
2

EXHIBIT A

6.    United Seating and Mobility, L.L.C. d.b.a. Numotion (Plaintiff's Health Insurer) is a foreign entity that provides health benefit plans with its place of business in the County of Cuyahoga and State of Ohio.

7.    University Hospitals Health System, Inc., d.b.a. UH Cleveland Medical Center ("UH") is an Ohio corporation operating a healthcare system with its principal place of business in the City of Cleveland, County of Cuyahoga and State of Ohio.

8.    The motor vehicle collision that is the subject matter of this action occurred in the State of Ohio.

9.    This case was originally filed in the Summit County Court of Common Pleas on November 17, 2021, bearing case number CV-2021-11-3644, was subsequently voluntarily dismissed without prejudice on July 28, 2023, and is now re-filed within the time permitted by Ohio's Savings Statute (R.C. §2305.19).

10.   This Court has jurisdiction over the persons and subject matter of this action and venue is proper in this Court.

## Factual Background

11.   Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

12.   Defendants Uber, Lyft, Rasier and Portier are mobility as a service ("MAS") provider that provide a service that, among other things, connects drivers to individuals requesting motor vehicle transportation.

13.   Rasier and Portier are subsidiaries of Uber.

14.   Defendants Uber, Lyft, Rasier and Portier will hereinafter be collectively referred to as "the MAS Defendants."

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

15.  The MAS Defendants provide MAS services through applications ("MAS Application") that run on wireless mobile devices ("WMD's").

16.  An individual requesting MAS services ("MAS Client") can use the MAS Defendants' application on their WMD to request transportation.

17.  When MAS service is requested through the MAS Defendants' MAS Applications, the request is transmitted to MAS Drivers who participate in the MAS Defendants' MAS service via a corresponding MAS Application on the MAS Drivers' WMD.

18.  The MAS Defendants bill the MAS Client based upon, among other things, the availability of and demand for MAS Drivers in the MAS Client's area.

19.  At times of higher demand, the MAS Defendants apply surge pricing, essentially increasing the cost of the service based on demand.

20.  When an MAS Driver receives an MAS request on their MWD, the MAS Driver can review the request and decide whether to accept the job through the MAS Application on the MAS Driver's WMD.

21.  When a MAS Client requests MAS service, the MAS Application provides the MAS Client with an estimated time of arrival ("ETA") of the MAS service.

22.  Due in large part to the rate structure established by the MAS Defendants, MAS Drivers are incentivized to roam about in areas where they are likely to acquire the most profitable fares.

23.  It is commonly known by the MAS Defendants and the MAS Drivers that the ETA for an MAS service is an important factor in an MAS Client electing to use the MAS service, and for tipping the MAS Driver, and as a result MAS Drivers are incentivized to roam about in areas where they are likely to acquire the most fares with a short ETA.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 /  / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
4

EXHIBIT A

24. The MAS Applications developed by the MAS Defendants are designed to operate on WMD's as WMD's are the most common way to request MAS services.

25. The MAS Defendants know and intend that the MAS Drivers who utilize the MAS Applications do so while driving on public roads and highways.

26. The MAS Defendants do not employ existing available technology that can restrict the use of their MAS Applications while the MAS Driver's WMD is in motion.

27. In fact, the MAS Defendants incentivize the MAS Drivers to operate their WMD's while operating motor vehicles.

28. On November 18, 2019, at approximately 5:20 p.m. the plaintiff was travelling southbound on Interstate 77 in the Village of Richfield.

29. At the same time, Billie Jo Cox ("the Tortfeasor"), who was an MAS Driver, was travelling behind the plaintiff and was actively using the MAS Defendants' MAS Applications on the Tortfeasor's WMD.

30. As the plaintiff stopped for traffic, the Tortfeasor crashed her motor vehicle into the back of the plaintiff's motor vehicle causing the plaintiff's motor vehicle to collide with another motor vehicle stopped in front of the plaintiff and this chain of events will hereinafter be referred to as ("the MVC").

31. Thirty minutes prior to the MVC, the Tortfeasor set the MAS Applications on her WMD to "Destination Mode."

32. Destination Mode is a setting on the MAS Applications wherein the MAS Driver enters a destination, usually the MAS Driver's residence, into the MAS Applications and will limit MAS requests to those that are along the MAS Driver's route.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

33.    Destination Mode allows MAS Drivers (and the MAS Defendants) an opportunity to earn money on their way home, while not having to deviate from their route.

34.    If an MAS Application is left in Destination Mode for a set period of time, in this instance thirty minutes, the MAS Driver is automatically logged out of the MAS Application and route guidance to the destination is terminated.

35.    Once an MAS Driver is automatically logged out of Destination Mode twice in the same day, then Destination Mode becomes unavailable for a pre-determined period of time.

36.    However, if a MAS Driver manually disables Destination Mode prior to the predetermined time limit, the MAS Application does not register that use of Destination Mode as one of the two allowed uses.

37.    Because of this, MAS Drivers monitor the time during which each MAS Application is in Destination Mode and switch between the MAS Applications to manually disable and then immediately re-enable Destination Mode.

38.    Immediately prior to the MVC the Tortfeasor was accessing the MAS Applications on her WMD while driving on the highway and was distracted.

39.    Immediately prior to the MVC, the Tortfeasor was switching between the MAS Applications to disable and re-enable Destination Mode and was otherwise interacting with the MAS Applications on her WMD, causing her to be distracted and crash into the rear of the plaintiff's motor vehicle.

40.    R.C. §4511.204 provides, in pertinent part, that "[n]o person shall driver a motor vehicle… on any street, highway or property open to the public for vehicular traffic while using a handled electronic wireless communications device to write, send, or read a text-based communication."

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

41.    WMD's are "handled wireless communications devices" as defined by R.C. §4511.204.

42.    The use of an MAS Application while driving is equivalent to "writing, sending, or reading a text-based communication" as prohibited by R.C. §4511.204.

### COUNT ONE

### Negligence of the MAS Defendants with Malice

43.    Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

44.    At all times relevant herein, the MAS Defendants knew or should have known that MAS Drivers, including the Tortfeasor, respond to MAS requests on the WMD's while driving on public roads and highways.

45.    At all times relevant herein, the MAS Defendants knew or should have known that the Destination Mode time limits and restrictions as more fully set forth hereinabove would result in MAS Drivers, including the Tortfeasor, to interact with the MAS Applications on their WMD's while driving on public roads and highways, in violation of Ohio Law.

46.    In fact, the MAS Defendants penalized MAS Drivers, including the Tortfeasor, for remaining in Destination Mode beyond a pre-determined time limit by automatically logging them out of the MAS Applications, terminating the route guidance and restricting further use of the MAS Application.

47.    At all times relevant herein, it was foreseeable to the MAS Defendants that the MAS Drivers, including the Tortfeasor, would monitor and interact with the MAS Applications while driving on public roads and highways, in violation of Ohio Law, to avoid being automatically logged out and having their route guidance terminated.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
7

EXHIBIT A

48. At all times relevant herein, it was foreseeable to the MAS Defendants that the MAS Drivers, including the Tortfeasor, would monitor and interact with the MAS Applications while driving on public roads and highways, in violation of Ohio Law, in order to avoid having their use of the MAS Applications restricted.

49. Immediately prior to the MVC the Tortfeasor was accessing the MAS Applications on her WMD while driving on the highway and was distracted.

50. At all times relevant herein, the MAS Defendants knew or should have known that operating a WMD while driving on a public street or highway was a violation of Ohio Law.

51. At all times relevant herein, the MAS Defendants knew or should have known that operating a WMD while driving a motor vehicle on a public street or highway increases the risk of a motor vehicle collision, such as the MVC.

52. At all times relevant herein, the MAS Defendants owed the plaintiff a duty to restrict the use of their MAS Applications on WMD's operated by MAS Drivers driving on public roads and highways.

53. At all times relevant herein, the MAS Defendants owed the plaintiff a duty to prevent or discourage MAS Drivers, including the Tortfeasor, from interacting with the MAS Applications while driving on public roads and highways.

54. At all times relevant herein, the MAS Defendants knew or should have known that there is existing available technology that can restrict the function of the MAS Applications while the MAS Driver's WMD is in motion.

55. Rather than to restrict the use of their MAS Applications while the MAS Driver's vehicle is in motion, the MAS Defendants punish the MAS Drivers, including the

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Tortfeasor, for not interacting with the MAS Applications while their vehicles are in motion.

56.    For example, the MAS Applications are intentionally programmed to automatically accept MAS requests if the MAS Driver does not reject the request in a short period of time and then negatively affecting a NAS Driver's rating if the NAS Driver rejects the automatically accepted request.

57.    The MAS Applications are intended by the MAS Defendants to be at the center of the MAS Drivers' attention while operating their motor vehicles, including the Tortfeasor's.

58.    Notwithstanding the MAS Defendant's knowledge of the dangers associated with the operation of a WMD while driving on a public street or highway, the MAS Defendants negligently and recklessly fail to restrict the use of their MAS Applications to ensure that they are not accessible while the MAS Driver is driving.

59.    As a direct and proximate result of the MAS Defendants' conduct, the plaintiff was injured.

60.    As a direct and proximate result of the MAS Defendants' conduct, the plaintiff sustained damages.

61.    The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include bodily injury.

62.    The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include pain.

63.    The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include suffering.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
9

EXHIBIT A

64.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include disability.

65.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include emotional distress.

66.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include medical expenses.

67.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include loss of enjoyment of life.

68.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include the inability to engage in the plaintiff's daily routine.

69.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include the inability to conduct business.

70.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include lost wages.

71.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include property damage.

72.     The plaintiff's damages, which directly and proximately resulted from the MAS Defendants' conduct, include other economic damages.

73.     The plaintiff's damages are ongoing.

74.     The plaintiff's injuries are permanent.

75.     The MAS Defendants are liable to the plaintiff for any and all damages the plaintiff is found to have sustained as a direct and proximate result of the MVC.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

76. At all times relevant herein, the MAS Defendants engaged in extremely reckless behavior revealing a conscious disregard for the great and obvious harm to the plaintiff.

77. The aforementioned behavior consists of, among other things, failing to implement existing available technology to restrict the use of their MAS Applications while the MAS Driver's WMD is in motion.

78. Even though they have actual knowledge of the great risks and dangers associated with operating a WMD while driving, the MAS Defendants fail to restrict the use of their MAS Applications while the MAS Driver's WMD is in motion with the intended goal of reducing ETA's and increasing their profits.

79. Recognizing the dangers of driving while distracted, society has taken great efforts to minimize the impact of distracted driving.

80. The aforementioned efforts include equipping modern motor vehicles and WMD with global positioning systems that can determine whether the motor vehicle or WMD is stationary or in motion and can restrict the use of certain features while in motion.

81. The aforementioned technology is not novel, is economically feasible and readily available to the MAS Defendants for implementation into their MAS Applications.

82. Notwithstanding the risks associated with distracted driving, the MAS Defendants have failed and refused to update their MAS Applications to restrict their use while the MAS Driver's WMD is in motion because doing so might result in longer ETA's and reduced profits.

83. As a direct and proximate result of the MAS Defendants' aforementioned conduct, the plaintiff did suffer substantial harm.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

84. The plaintiff required surgery to treat the injuries he suffered as a direct and proximate result of the MVC.

85. The MAS Defendants acted with actual malice toward the plaintiff, justifying an award of punitive damages and attorney's fees, pursuant to Ohio law.

86. An award of punitive damages is appropriate in that there is a strong public policy in favor of deterring the MAS Defendants' conduct.

87. An award of punitive damages is appropriate in that there is a strong public policy in favor of punishing the MAS Defendants for this type of conduct.

88. An award of punitive damages is appropriate in that there is a strong public policy in favor of setting the MAS Defendants as an example to deter others from engaging in this type of conduct.

## COUNT TWO

### Subrogation

89. Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

90. Plaintiff's Health Insurer alleged or will allege that it has contractual or legal subrogation rights to any settlement or verdict reached in this lawsuit and, as such, it is a necessary party to this action.

91. Plaintiff's Health Insurer should be required to establish any claimed subrogation rights herein or otherwise be forever barred from doing so.

92. The plaintiff expressly denies that Plaintiff's Health Insurer has any subrogation rights to any settlement or verdict reached in this lawsuit.

JAMES E. BOULAS
Co.,L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
12

EXHIBIT A

93. There is a real, justiciable case and controversy regarding the rights, obligations, status and relations between the plaintiff on the one side and Plaintiff's Health Insurer on the other relative to the subrogation rights asserted by Plaintiff's Health Insurer.

94. Specifically, the plaintiff alleges that if it is found that Plaintiff's Health Insurer has any subrogation rights to any settlement or verdict reached in this lawsuit, then those subrogation rights must be reduced by the amount of legal fees, expenses and costs the plaintiff incurs in reaching a settlement of verdict.

95. Pursuant to R.C. §2721 and Ohio Rule of Civil Procedure 57, this Court may declare the rights and status of the parties relative to the aforementioned subrogation claims.

96. The plaintiff seeks a declaration that Plaintiff's Health Insurer does not have rights of subrogation as to any settlement or verdict reached in this lawsuit or, alternatively, that any subrogation rights be reduced by the amount of legal fees, expenses and costs the plaintiff incurs in reaching a settlement of verdict.

## COUNT THREE

### Declaratory Judgment

97. Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

98. Following the MVC, the plaintiff received health care services at one of the health care facilities owned and/or operated by UH.

99. At all times relevant herein, UH was a "provider" or "health care facility" as used in R.C. §1751.60,

100. At all times relevant herein, the plaintiff was a "subscriber or enrollee of a health insurance corporation" as used in R.C. §1751.60 and plaintiff was covered by health insurance.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
13

EXHIBIT A

101.  At the time he presented to UH for treatment, the plaintiff provided UH with his health insurance card.

102.  At all times relevant herein, UH was a contracting provider or health care facility with the plaintiff's health insurance providers for the cost of the health care services UH provided to the plaintiff.

103.  All of the health care services provided by UH to the plaintiff were covered services that would have been paid by the plaintiff's health insurance had UH submitted those bills to the plaintiff's health insurance for payment.

104.  At all times relevant herein, the plaintiff acted in accordance with evidence of their health insurance coverage in compliance with R.C. §1751.60.

105.  R.C. §1751.60(B) provides that "no subscriber or enrollee of a health insuring corporation is liable to any contracting provider or health care facility for the cost of any covered health care services, if the subscriber or enrollee has acted in accordance with the evidence of coverage."

106.  The plaintiff acted in accordance with evidence of coverage and UH is barred by R.C. §1751.60 from seeing further payment from the plaintiff.

107.  There is a real, justiciable case and controversy regarding the rights, obligations, status and relations between the plaintiff and UH relative to the UH's billing.

108.  Pursuant to Ohio Revised Code §2721 and Ohio Civil Rule of Procedure 57, this Court may declare the rights and status of Plaintiff and UH relative to UH's billing.

109.  The plaintiff seeks a declaratory judgment that he is not liable to UH for any remaining balances for health care services that UH did not submit to the plaintiff's health insurance for payment.

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
14

EXHIBIT A

## COUNT FIVE

### Equitable Relief

110.   Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

111.   Plaintiff had sufficient health insurance coverage to satisfy the plaintiff's UH bills.

112.   UH's conduct has resulted in the plaintiff being billed for UH services for which the plaintiff would not have been responsible if UH billed the plaintiff's health insurance provider.

113.   UH's aforementioned billing practices are unfair, deceptive, unconscionable, inequitable and against public policy.

114.   Equity requires that UH either be required to bill the plaintiff's health insurance or to be prohibited from pursuing further payment from the plaintiff.

115.   It would be inequitable for the plaintiff to be required to pay the UH bill balances.

116.   The plaintiff reserves the right to amend this Complaint consistent with future fact discovery.

WHEREFORE, the plaintiff prays for judgment against Defendants, Uber Technologies, Inc., Lyft, Inc., Rasier, LLC., Portier, LLC., jointly and severally where appropriate, for compensatory damages in excess of $25,000.00, punitive damages, attorney's fees, pre-judgment and post-judgment interest, costs and any additional relief this Court deems just and equitable. The plaintiff further prays that any subrogation rights alleged by Defendant, United Seating and Mobility, L.L.C., be deemed waived, invalid or, alternatively, reduced by the amount of legal fees, expenses and costs the plaintiff incurs in reaching a settlement or verdict. The plaintiff further prays that this Honorable Court order that Defendant, University Hospitals

JAMES E. BOULAS
Co., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 07/26/2024 18:45 / / CV 24 101265 / Confirmation Nbr. 3231100 / CLTXT
15

EXHIBIT A

Health System, Inc., be limited to billing the plaintiff's health insurance or, alternatively, that University Hospitals Health System, Inc. may not seek payment for any outstanding medical bills from the plaintiff.

Respectfully Submitted,

James E. Boulas (0070007)
Panagiota D. Boulas (0103745)
**JAMES E. BOULAS CO., L.P.A.**
Raintree Plaza
7912 Broadview Road
Broadview Heights, Ohio 44147-1202
(440) 526-8822 / Fax (440) 838-8822
jim@sue2win.com
pam@sue2win.com

Attorneys for Plaintiff,
Edward Deditch

## JURY DEMAND

Plaintiff, Edward Deditch, hereby demands a trial by Jury as to all issues raised in this action.

James E. Boulas (0070007)
**JAMES E. BOULAS CO., L.P.A.**

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8822
FAX 440.838.8822
docket@sue2win.com

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| EDWARD DEDITCH | ) | **CASE NO.  CV 24 101265** |
| | ) | |
| **Plaintiff** | ) | **JUDGE TIMOTHY W. CLARY** |
| | ) | |
| **v.** | ) | **NOTICE OF APPEARANCE OF** |
| | ) | **COUNSEL FOR DEFENDANTS UBER** |
| **UBER TECHNOLOGIES, INC., et al.** | ) | **TECHNOLOGIES, INC., RASIER, LLC,** |
| | ) | **AND PORTIER, LLC** |
| **Defendants** | ) | |

The undersigned firm of attorneys, and in particular, Robert D. Boroff hereby gives notice

to Court and Counsel of their appearance of Counsel for Defendants, Uber Technologies, Inc.,

Rasier, LLC, and Portier, LLC in the within matter.  All further pleadings, correspondence and

communications should be directed to counsel as follows:

**Robert D. Boroff (0091866)**
**Matthew A. Smartnick (0096932)**
GALLAGHER SHARP| LLP
1215 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail: rboroff@gallaghersharp.com
msmartnick@gallaghersharp.com

EXHIBIT A

This Notice of Appearance is for the convenience of the Court and Counsel and is not to be construed as a waiver of any jurisdictional or any other defenses.

Respectfully submitted,

/s/Robert D. Boroff

**ROBERT D. BOROFF (0091866)**
**MATTHEW A. SMARTNICK (0096932)**
**Gallagher Sharp| LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail:  rboroff@gallaghersharp.com

*Attorney for Defendants Uber Technologies,*
*Inc., Rasier, LLC, and Portier, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/Robert D. Boroff

**ROBERT D. BOROFF (0091866)**
*Attorney for Defendants Uber Technologies,*
*Inc., Rasier, LLC, and Portier, LLC*

EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| EDWARD DEDITCH | ) | **CASE NO.  CV 24 101265** |
| | ) | |
| **Plaintiff** | ) | **JUDGE TIMOTHY W. CLARY** |
| | ) | |
| **v.** | ) | **NOTICE OF APPEARANCE OF** |
| | ) | **COUNSEL FOR DEFENDANTS UBER** |
| **UBER TECHNOLOGIES, INC., et al.** | ) | **TECHNOLOGIES, INC., RASIER, LLC,** |
| | ) | **AND PORTIER, LLC** |
| **Defendants** | ) | |

The undersigned firm of attorneys, and in particular, Matthew A. Smartnick hereby gives

notice to Court and Counsel of their appearance of Counsel for Defendants, Uber Technologies,

Inc., Rasier, LLC, and Portier, LLC in the within matter.  All further pleadings, correspondence

and communications should be directed to counsel as follows:

**Robert D. Boroff (0091866)**
**Matthew A. Smartnick (0096932)**
GALLAGHER SHARP| LLP
1215 Superior Avenue, 7th Floor
Cleveland, OH 44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail: rboroff@gallaghersharp.com
msmartnick@gallaghersharp.com

EXHIBIT A

This Notice of Appearance is for the convenience of the Court and Counsel and is not to be construed as a waiver of any jurisdictional or any other defenses.

Respectfully submitted,

/s/Matthew A. Smartnick
**ROBERT D. BOROFF (0091866)**
**MATTHEW A. SMARTNICK (0096932)**
**Gallagher Sharp| LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail:  msmartnick@gallaghersharp.com

*Attorney for Defendants Uber Technologies,*
*Inc., Rasier, LLC, and Portier, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/Matthew A. Smartnick
**MATTHEW A. SMARTNICK (0096932)**

*Attorney for Defendants Uber Technologies,*
*Inc., Rasier, LLC, and Portier, LLC*