UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD DEDITCH, ) | Case No. 1:24-cv-1488 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | James E. Grimes, Jr. |
| UBER TECHNOLOGIES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# OPINION AND ORDER

Plaintiff Edward Deditch was involved in an accident on a highway with a driver operating the mobile applications of Defendants Uber Technologies, Inc. and Lyft Inc. As a result of the accident, Plaintiff filed suit in State court against (1) Uber, (2) Lyft, (3) Rasier, LLC and Portier, LLC, subsidiaries of Uber, (4) United Seating and Mobility, LLC, d/b/a Numotion, Plaintiff's health insurer, and (4) University Hospitals Health Systems, Inc. Defendants removed this action to federal court on the basis of diversity jurisdiction. Plaintiff moves to remand the case to State court.

## FACTUAL BACKGROUND

According to the allegations of the complaint, in November 2019 Mr. Deditch was in a motor vehicle accident on an interstate highway. (ECF No. 1-1, ¶ 28, PageID #22.) The other driver, the tortfeasor, was switching between the mobile applications for Uber and Lyft so she could pick up passengers. (*Id.*, ¶¶ 29 & 39, PageID #22 & #23.) As traffic came to a halt, the tortfeasor rear-ended Mr. Deditch, causing

personal injuries. (*Id.*, ¶¶ 30 & 59–74, PageID #22 & #26–27.) Following the accident, Mr. Deditch received health care at a University Hospitals facility. (*Id.*, ¶ 98, PageID #30.)

## STATEMENT OF THE CASE

Based on these facts, Plaintiff filed suit in State court. (ECF No. 1-1.) In his complaint, Plaintiff brings claims for negligence with malice (Count One), subrogation (Count Two), declaratory judgment (Count Three), and equitable relief (Count Five—the complaint omits a Count Four). (ECF No. 1-1, PageID #24–32.) Count Two seeks a declaration that Plaintiff's health insurer, United Seating and Mobility, has no subrogation interest in any settlement or judgment in this suit. (*Id.*, ¶¶ 89–96, PageID #29–30.) Count Three seeks a declaratory judgment that State law bars University Hospitals from seeking further payment from Mr. Deditch. (*Id.*, ¶¶ 97–109, PageID #30–31.) In Count Five, Plaintiff requests that University Hospitals be limited to billing Plaintiff's health insurance or not seek payment for any outstanding medical bills from Mr. Deditch. (*Id.*, PageID #32–33.) Plaintiff seeks compensatory damages in excess of $25,000, punitive damages, attorney's fees, interest, and costs. (*Id.*, PageID #32.) Also, Plaintiff prays that any subrogation rights of United Seating and Mobility be deemed waived, held invalid, or reduced. (*Id.*)

Lyft removed the case to federal court on the basis of diversity jurisdiction, contending that Plaintiff fraudulently joined United Seating and Mobility and University Hospitals as Defendants to defeat federal jurisdiction or seeking

2

severance of the claims against these Defendants. (ECF No. 1, ¶¶ 12 & 13, PageID #4.) Lyft also argues that Plaintiff's claims against United Seating and Mobility and University Hospitals are time barred. (*Id.*, ¶ 39, PageID #10.) Plaintiff moves to remand. (ECF No. 10.)

## ANALYSIS

Lyft removed this case based on diversity jurisdiction under 28 U.S.C. § 1332. A defendant may remove a civil action to federal court if the action is one over which the federal court could have exercised original jurisdiction. 28 U.S.C. §§ 1441, 1446. A federal court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. §1332(a)(1). These requirements must be satisfied at the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Removal statutes are strictly construed, and "'all doubts should be resolved against removal.'" *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). The party removing a case bears the burden of establishing federal jurisdiction. *Everett*, 460 F.3d at 822 (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

I.  **Amount in Controversy**

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)). Under Rule 8(A) of the Ohio Rules of Civil

Procedure, if a party seeks more than $25,000, the party "shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought." Plaintiff followed this practice, demanding in excess of $25,000 in her complaint. (ECF No. 1-1, PageID #12.)

To remove a case from a State court to federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," and, "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) & (B). "A statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 551. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.

"In short, in states like Ohio, where a plaintiff may not allege a specific, binding damage amount in the complaint, a notice of removal may make its own assertion of the amount in controversy, so long as that assertion is plausible and made in good faith." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 WL 5051418, at *4 (S.D. Ohio Aug. 27, 2020). To meet the requirements of the removal statute, the defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

4

Where the plaintiff contests the defendant's allegations regarding the amount in controversy, the removal statute requires that the court find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). Therefore, the removal statute requires evidence only where the plaintiff disputes the facts supporting removal. *Dart Cherokee*, 574 U.S. at 89. In such circumstances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

Here, Plaintiff does not dispute the amount in controversy or agree to limit the damages he seeks. (ECF No. 10, PageID #92.) He does make an alternative request for remand for the purpose of establishing that the damages in the complaint exceed the amount in controversy. (PageID #92–93.) As removal practice and procedure make clear, however, that task falls to the Court in the first instance, and remand is not necessary for such fact finding. The record contains sufficient allegations and evidence to satisfy the amount-in-controversy requirement by a preponderance of the evidence. Plaintiff alleges serious, permanent injuries, including disability (ECF No. 1-1, ¶¶ 59–74, PageID #26–27), and medical bills in the record provide a sufficient indication that non-economic damages likely bring the amount in controversy over the jurisdictional threshold (*see* ECF No. 10-3; ECF No. 10-4.) Additionally, in the notice of removal Lyft points out that Plaintiff also alleges compensatory damages for bodily injury, pain, suffering, disability, emotional distress, loss of enjoyment of life, inability to engage in daily routines and conduct business, loss of wages, property

5

damages, and other economic damages. (ECF No. 1, ¶ 9, PageID #4.) Moreover, Plaintiff seeks punitive damages. (*Id.*, ¶ 54, PageID #12.) When determining the amount in controversy, punitive damages count. *See Holton v. Erie Ins. Co.*, No. 1:24-cv-1428, at *2 (N.D. Ohio Oct. 11, 2024). Further, based on its experience, the Court has an easy time finding that Plaintiff's complaint satisfies the amount in controversy.

## II. Diversity of the Parties

"[F]or diversity jurisdiction to be proper under § 1332, no plaintiff and no defendant can be the citizen of the same state." *Tennial v. Bank of America, N.A.*, No. 17-6377, 2020 WL 2530872, at *1 (6th Cir. Apr. 15, 2020). An individual's citizenship depends on his domicile, meaning "a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). A corporation has the citizenship of its state of incorporation and its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017). A limited liability company "has the citizenship of each of its members." *Tennial*, 2020 WL 2530872, at *1.

Mr. Deditch is a citizen of Ohio. (ECF No. 1-1, ¶ 1, PageID #19; ECF No. 1, ¶ 15, PageID #5.) Uber and Lyft are each Delaware corporations with their principal places of business in California, making them citizens of California and Delaware. (ECF No. 1, ¶¶ 17 & 18, PageID #5.) Rasier and Portier are Delaware limited liability companies, and the sole member of each is Uber Technologies, Inc., making Rasier

6

and Portier citizens of California and Delaware. (*Id.*, ¶¶ 19 & 20, PageID #5–6.) Accordingly, there is complete diversity between Plaintiff and these four Defendants.

The two remaining Defendants are University Hospitals and United Seating and Mobility. The former is an Ohio corporation with its principal place of business in Ohio. (ECF No. 1-1, ¶ 7, PageID #20.) According to the complaint, United Seating and Mobility has its place of business in Ohio and is "a foreign entity," a limited liability company. (*Id.*, ¶ 6.) The notice of removal places its principal place of business in Missouri. (ECF No. 1, ¶ 21, PageID #6.) Whatever the case, the record provides no information regarding the citizenship of the members of this limited liability company. Therefore, for purposes of determining citizenship, the Court will assume that it is non-diverse.

## II.A. Realignment of United Seating and Mobility

Against United Seating and Mobility, Mr. Deditch's health insurer, Plaintiff asserts a claim for subrogation in Count Two. (ECF No. 1-1, ¶¶ 89–96, PageID #29–30.) Plaintiff alleges that United Seating and Mobility has or will assert subrogation rights and asks that his insurer establish those rights, if any, in this lawsuit or be barred from doing so. (*Id.*, ¶¶ 90 & 91, PageID #29.) Setting aside the justiciability of this claim because any such rights arise on settlement or a judgment, Plaintiff concedes that United Seating and Mobility, "as a subrogee, may readily be realigned as a party plaintiff." (ECF No. 10, PageID #94 n.4.) The Court has the "responsibility to ensure that the parties are properly aligned according to their interests in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr.*, 621 F.3d 554, 559 (6th Cir. 2010) (citations omitted). It does so by examining "the

primary purpose or primary dispute in the controversy." *Id.* This subrogation issue turns on and is secondary to resolution of the primary dispute over the liability of Uber and Lyft for the damages Plaintiff claims. Therefore, the Court agrees with Plaintiff that United Seating and Mobility can and should be realigned as a party plaintiff.

### II.B. University Hospitals

Realignment leaves University Hospitals as the sole non-diverse Defendant. Lyft presents several arguments why Plaintiff's claims against University Hospitals do not defeat federal jurisdiction.

### II.B.1. Fraudulent Joinder

First, Lyft argues that Plaintiff fraudulently joined University Hospitals to defeat diversity jurisdiction. (ECF No. 1, PageID #6; ECF No. 12-1, PageID #152.) Under the law of this Circuit, fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. See *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Fraudulent joinder occurs where a complaint names a party against which there is no colorable cause of action. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citation omitted). This standard requires the absence of a reasonable basis in law or fact for the claims asserted:

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)); see also *Walker*, 443 F. App'x at 951.

The removing party bears the burden of proving fraudulent joinder. *Alexander*, 13 F.3d at 949. To do so, a defendant may present evidence and not merely rely on the allegations of the complaint. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *King v. Centerpulse Orthopedics, Inc.*, No. 1:05-CV-1318, 2006 WL 456478, at *1, 2006 U.S. Dist. LEXIS 7028, at *4 (N.D. Ohio Feb. 24, 2006).

Where a defendant presents evidence to support an argument of fraudulent joinder, courts in this Circuit employ a procedure akin to proceedings on a motion for summary judgment to determine whether discrete facts preclude a basis for recovery against the in-State defendants. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *Walker*, 443 F. App'x at 952–53 (discussing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)). Because fraudulent joinder arguments arise early in litigation, a summary inquiry limits the evidentiary procedure outlined to identifying "discrete and undisputed facts." *Smallwood*, 385 F.3d at 573. Additionally, courts take into account "unchallenged factual allegations." *Walker*, F. App'x at 953 (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Alternatively, a court may analyze fraudulent joinder on the basis of the pleadings, construing them in favor of the plaintiff as it would on a motion to dismiss. *Smallwood*, 385 F.3d at 573.

But consistent with resolving doubts in favor of remand, the Court must give Plaintiff the benefit of the doubt on all disputes of fact and any ambiguities in the controlling State law. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Moreover, the plaintiff's motive for joining a non-diverse party has

9

no bearing on the analysis. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). For these reasons, the burden to demonstrate fraudulent joinder "is indeed a heavy one." *King*, 2006 WL 456478, at *2, 2006 U.S. Dist. LEXIS 7028, at *6 (quoting *Fields v. Reichenberg*, 643 F. Supp. 777, 779 (N.D. Ill. 1986)).

Lyft claims that Plaintiff has no colorable claim against University Hospitals. But this claim does not withstand even cursory review. In Count Three, Plaintiff disputes whether University Hospitals may collect outstanding unpaid medical expenses from him under State law. (ECF No. 1-1, ¶¶ 97–109, PageID #30–31.) In Count Five, Plaintiff seeks to limit the ability of University Hospitals to collect on any outstanding medical bills. (*Id.*, PageID #32–33.)

Plaintiff sets forth a cause of action under Section 1751.60(A) of the Ohio Revised Code against University Hospitals. This statute prohibits a medical provider from seeking compensation from an insured person where the provider has a contract with the insured's health-insurer. *Laboy v. Grange Indemn. Ins. Co.*, 144 Ohio St. 3d 234, 2015-Ohio-3308, 41 N.E.3d 1224, ¶ 13. Bolstering his allegation, Plaintiff provides a bill from University Hospitals. (ECF No. 10; ECF No. 10-3.) Lyft does not refute these assertions. Because Plaintiff appears to proceed against University Hospitals under a State statute, Lyft does not carry its heavy burden of establishing that Plaintiff has no colorable claim against the hospital.

### II.B.2. Severance

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Under the law of this Circuit, a court may invoke Rule 21 to retain jurisdiction by

10

dropping a non-diverse party which is not a necessary party. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). "Although we agree that a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999).

Rule 19 provides a two-step framework to determine whether a party must be joined to an action as a necessary party. Fed. R. Civ. P. 19(a)-(b). First, a party is necessary for adjudication if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." Fed. R. Civ. P. 19(a)(1) & (2)(i)-(ii); *Safeco Ins. Co.*, 36 F.3d at 546. If a party is necessary, then the Court considers if it is indispensable by evaluating whether "(1) a judgment rendered in the party's absence would be prejudice to the available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b); *Soberay Mach. & Equip. Co.*, 181 at 764.

Here, University Hospitals is not a necessary Defendant because the resolution of Plaintiff's claims against it will not resolve his claim against Uber and Lyft. Indeed, Plaintiff's claims against University Hospitals does not depend in any way on whether Uber, Lyft, or any other Defendant or combination of Defendants has

11

liability for the injuries Mr. Deditch claims. Whatever the outcome of Plaintiff's claims against the other Defendants, Mr. Deditch incurred medical bills and seeks to limit or bar their collection. Even if he recovers a windfall far in excess of any amounts owed, Plaintiff's claims against University Hospitals remain for adjudication under different legal standards based on different facts and discovery. Therefore, University Hospitals is not a necessary Defendant in this litigation. *See Kelly v. Aultman Physician Ctr.*, No. 5:13-cv-994, 2013 WL 2358583, at *2–3 (N.D. Ohio May 29, 2013) (holding that resolution of one set of claims would not resolve the set of claims against the other defendant); *DeGidio v. Centocor, Inc.*, No. 3:09-cv-721, 2009 WL 1867676, at *3 (N.D. Ohio July 8, 2009) (explaining that the plaintiff's claims against the two defendants involved different legal standards and different factual allegations).

Plaintiff contends that University Hospitals is a necessary party because proceeding in its absence might impair the hospital's ability to collect on the bills at issue between these parties. (ECF No. 10, PageID #96.) University Hospitals makes no such argument on its own behalf. Additionally, Plaintiff argues that he might be subject to inconsistent obligations whether to pay his insurer or University Hospitals. (*Id.*) But Count Three requests declaratory relief. Moreover, by its terms this argument depends on priority of interests and liens with no citation to authority and involves speculation and contingencies that might not come to pass.

For these reasons, the Court **SEVERS** Plaintiff's claim against University Hospitals and, because Count Three is not a claim over which the Court has original

jurisdiction, **DISMISSES** it **WITHOUT PREJUDICE**.  Accordingly, the Court has no occasion to address the parties' dispute over the statute of limitations for this claim.

## CONCLUSION

For the foregoing reasons, the Court **REALIGNS** United Seating and Mobility as a party Plaintiff, **SEVERS** the claim against University Hospitals and **DISMISSES** it **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and **DENIES** Plaintiff's motion to remand (ECF No. 10).  Further, the Court **ORDERS** Plaintiff to respond to the pending motion to dismiss (ECF No. 9) by February 28, 2025.  Any reply is due no later than March 14, 2025.

**SO ORDERED.**

Dated:  January 30, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio